IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,  3:18-cr-00050-HZ

        Plaintiff,  OPINION & ORDER

   v.

AMAD JAMAL POLITE,

        Defendant.

Amy Potter
United States Attorney's Office
405 E. 8th Avenue, Suite 2400
Eugene, OR 97401

    Attorney for Plaintiff

Gerald Needham
Office of the Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

    Attorney for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant moves the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes Defendant's motion. For the reasons that follow, the motion is denied.

## BACKGROUND

On July 11, 2018, Defendant pleaded guilty to Felon in Possession of a Firearm. Pet. & Order Entering Guilty Plea, ECF 26. The Court sentenced Defendant to thirty-seven months imprisonment. J. & Commitment, ECF 46. At the time of filing, Defendant's projected release date was February 27, 2021, with a release to a halfway house in September 2020. Def. Mot. 2–3, ECF 54; Gov. Am. Resp. 1, ECF 61. Defendant is currently serving his sentence at FCI Danbury.

## STANDARDS

A federal district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), however, Congress authorized the district court to modify a defendant's sentence on a motion for compassionate release:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
> (i) Extraordinary and compelling reasons warrant such a reduction; [. . . ]
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

2 – OPINION & ORDER

The policy statement issued by the United States Sentencing Commission identifies four categories of extraordinary and compelling reasons: (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances; and (D) other reasons, as determined by the Director of the BOP, that amount to an extraordinary and compelling reason "other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 app. n. 1(A)–(D).

The policy statement also requires the court to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a), and whether the defendant is a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(4).

The defendant seeking a reduction of his sentence bears the burden to establish that the defendant has exhausted his administrative remedies and that extraordinary and compelling reasons exist to warrant a reduction of his or her sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. Greenhut*, 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that a defendant bears the burden of establishing entitlement to sentencing reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## DISCUSSION

Defendant is 51 years old. He asserts that he suffers from hypertension, obesity, an abdominal hernia, and, recently, blurred vision and heart palpitations. Def. Mot. 3. He argues that these serious medical conditions, combined with the growing pandemic and particular vulnerability of prisoners, provide extraordinary and compelling reasons to reduce his sentence.

The Government originally agreed that, given Defendant's motion, his medical records, his lack of disciplinary records, and his anticipated release to a halfway house in September,

compassionate release was appropriate. However, after filing its initial response, the Government learned from the Bureau of Prisons (BOP) that Defendant was under investigation for his role in introducing contraband into FCI Danbury. The BOP filed an incident report and transferred Defendant to the Special Housing Unit. To date, the disciplinary process has not been completed. Thus, the Government now argues that compassionate release is no longer appropriate.

As a preliminary matter, the Court acknowledges that we are in the midst of a global health crisis. The Court also acknowledges that prisoners are exceptionally vulnerable to infection due to the lack of distancing and hygiene issues endemic to prison life.[1] Nevertheless, the Court cannot find that Defendant has met his burden to show that extraordinary and compelling reasons exist to warrant a reduction of his sentence.

According to the CDC, older adults and people with certain underlying medical conditions are more likely to become severely ill from COVID-19.[2] These conditions include "serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies," and obesity.[3] The CDC has also identified conditions that *may* increase the risk for severe illness from COVID-19.[4] These conditions include asthma (moderate-to-severe), hypertension or high blood pressure, and type 1 diabetes.[5]

---

[1] *Guidance for Correctional & Detention Facilities*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctinal-detention.html (last updated July 22, 2020).

[2] *People at Increased Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html  (last updated June 25, 2020).

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Aug. 14, 2020).

[4] *Id.*

[5] *Id.* Conditions listed as likely to increase the risk of severe illness from COVID-19 are supported by the "strongest and most consistent evidence," defined as "consistent evidence from

Here, Defendant, at 51, is younger than the high-risk group identified by the CDC. While the CDC lists obesity as a condition likely to increase the severity of COVID-19, the evidence is mixed as to hypertension. Moreover, the outbreak at FCI Danbury now appears to be generally well controlled; as of August 21, 2020, with a population of 809 inmates, the facility is reporting that no inmates and only one staff member are currently infected.[6]

Additionally, the Court notes, in its consideration of the section 3553(a) factors, that there is some new evidence that Defendant is involved in ongoing criminal activity. Given this new evidence, and the fact that Defendant has otherwise failed to show extraordinary and compelling reasons for his release, the Court finds that a reduction in sentence is not appropriate.

//
//
//
//
//
//
//
//
//

---

multiple small studies or a strong association from a large study." *Scientific Evidence for Conditions that Increase Risk of Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (last updated July 28, 2020). Conditions that may increase the risk for severe illness from COVID-19 are supported by mixed evidence, defined as "multiple studies that reached different conclusions about risk associated with a condition," or limited evidence, defined as "consistent evidence from a small number of studies." *Id.*

[6] COVID-19 Coronavirus, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 21, 2020).

## CONCLUSION

The Court DENIES Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [48][54] without prejudice and with leave to seek reconsideration if circumstances change.

IT IS SO ORDERED.

DATED: August 31, 2020.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

6 – OPINION & ORDER